

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:16-CR-74-A |
| | § | |
| RONALD SWEATT (01) | § | |

**DEFENDANT'S MOTION FOR DOWNWARD SENTENCING VARIANCE**

TO THE HONORABLE JOHN H. MCBRYDE, UNITED STATES DISTRICT JUDGE:

COMES NOW, RONALD SWEATT, defendant, by and through his counsel of record, Erin Brennan, Assistant Federal Public Defender, and hereby submits this motion for downward sentencing variance. In support thereof, Mr. Sweatt states the following:

### Background

Mr. Sweatt has been charged with production of child pornography, in violation of 18 U.S.C. § 2251(c). A factual resume was filed and Mr. Sweatt pled guilty to the offense on May 13, 2016. The factual resume stipulates that on or about June 16, 2015, Mr. Sweatt transported a video into the United States that he had produced in Mexico wherein he engaged in sexually explicit conduct with a minor.

The presentence investigation report ("PSR") reflects a total offense level of 43. PSR ¶ 41. Mr. Sweatt received 0 points for his criminal history, therefore, placing him in criminal history category I. PSR ¶ 54. Based upon a total offense level of 43 and a criminal history category of I, the advisory guideline imprisonment range is life. PSR ¶ 96. However, because the statutorily authorized maximum sentence is 360 months, Mr. Sweatt's guideline imprisonment range becomes 360 months. USSG §5G1.1(a). For the reasons that follow, Mr. Sweatt contends that the Court could consider a downward sentencing variance in this case.

## Analysis

<u>Defendant Has No Prior Criminal Convictions</u>

Mr. Sweatt's criminal history consists of the instant offense and the offense behavior not part of relevant conduct outlined in the PSR. Mr. Sweatt has no other arrests, no other reported criminal conduct, no juvenile adjudications, and no adult criminal convictions. PSR ¶¶ 51-57. Thus, Mr. Sweatt has a criminal history score of 0, which places him in criminal history category I. PSR ¶ 54.

Because defendants with some criminal convictions are also placed in criminal history category I, Mr. Sweatt believes that his lack of *any* criminal convictions is a mitigating circumstance which this Court can consider. Mr. Sweatt concedes that the United States Sentencing Guidelines (Guidelines) prohibit a downward departure from criminal history category I if based solely on the premise that the criminal history category substantially over-represents the seriousness of the defendant's criminal history. USSG §4A1.3(b). However, Mr. Sweatt's lack of a criminal record may be considered by this Court when applying the 18 U.S.C. § 3553(a) factors in imposing a sentence and determining whether a downward variance is appropriate. *See U.S. v. White*, 506 F.3d 635 (8th Cir. 2007) (in distribution of child porn case where guidelines 108-135 months, variance to 72 months proper in part because first conviction, rejecting government's argument that court may not consider defendant's lack of prior record because already taken into account by guidelines; after *Booker*, court can consider lack of criminal record apart from the guidelines); *U.S. v. Huckins*, 529 F.3d 1312 (10th Cir. 2008) (where defendant convicted of possession of child porn and guidelines 78-97 months, court's variance to 24 months proper in part because this was defendant's first conviction, rejecting government's argument that guidelines already considered this by placing defendant in criminal history category I, explaining that

2

"although the Guidelines discourage granting a downward departure based upon criminal history when the defendant has been placed in a criminal history category of I . . . this is a not a departure case, it is a variance case . . . and, after *Gall* and *Kimbrough*, a factor's disfavor by the Guidelines no longer excludes it from consideration under § 3553(a) . . . Therefore, a district court may weigh a defendant's lack of a criminal record, even when the defendant has been placed into a criminal history category of I, in its § 3553(a) analysis.").

Moreover, Mr. Sweatt's lack of any criminal record distinguishes him from other defendants in criminal history category I because offenders with zero criminal history points have a rate of recidivism half that of offenders with one criminal history point. *See* U.S. Sent'g Comm'n, *Recidivism and the "First Offender,"* at 13-14 (May 2004). Found online at http://www.ussc.gov/Research_and_Statistics/Research_Publications/2004/200405_Recidivism_First_Offender.pdf.

Age of Defendant

The Guidelines permit a downward departure from the applicable guideline imprisonment range for certain specific offender characteristics so long as those characteristics, individually, or along with other characteristics, are present to an unusual degree and distinguish the case from other typical Guidelines cases. Section 5H1.1 of the Guidelines includes a departure due to age. USSG §§ 5H1.1.

Section 5H1.1 of the Guidelines provides that age may be a relevant consideration in determining whether a downward departure is warranted. Mr. Sweatt is forty seven years old. *See* PSR at 2. If the Court sentences Mr. Sweatt to his guideline range of 360 months, he will be in his 70's upon his release (even including 15% off his sentence for good time credit). A March 2016 analysis of individuals sentenced under federal sentencing guidelines found that "older offenders

3

at sentencing are at lower risk for reoffending;" offenders sentenced between the ages of forty-one to fifty have only a 35.9% chance of recidivism—almost half the rate of those sentenced in their early twenties. *Recidivism Among Federal Offenders: A Comprehensive Overview*, FED. SENTENCING COMM'N, 23 (March 2016) (available at http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf). Additionally, recidivism rates decline relatively consistently as age increases, and statistics show that incarcerated individuals released at the age of sixty-one or older have only a 16% chance of recidivism. *Id.* Mr. Sweatt asserts his age, upon release from imprisonment, shows that he is not likely to commit any further crimes and could warrant a sentence below his guideline range. Although a downward departure due to age may not be warranted, Mr. Sweatt's age is a factor that can be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a)(1) (history and characteristics of the defendant) and (a)(2)(C) (the need for the sentence imposed to protect the public from further crimes of the defendant).

Defendant's History and Characteristics

Mr. Sweatt comes from a good, hard-working family. His mother and step-father owned a window business, that they recently sold, and his father worked at that business until he retired. PSR ¶¶ 60, 65. Mr. Sweatt's parents divorced when he was eleven years old. PSR ¶ 60. Mr. Sweatt's father was not a positive male role model for him and his step-father may have showed him too much "tough love." PSR ¶¶ 60-61. Nonetheless, Mr. Sweatt graduated high school in 1987 from Richland High School. PSR ¶ 76. Upon graduation, Mr. Sweatt attended Southwestern Assemblies of God University for a brief period and then began working at his parents' door and window company. PSR ¶¶ 77, 88. As outlined in the PSR, Mr. Sweatt has had a steady employment history throughout his life, and he is bilingual and has his commercial driver's license. PSR ¶¶ 79,

81-88. While Mr. Sweatt has been incarcerated at Federal Correctional Institution Fort Worth, he has been teaching English and Spanish to other inmates. PSR ¶ 80. Further, Mr. Sweatt has no substance abuse issues (he has only used marijuana twice in his life). PSR ¶¶ 73-74. Mr. Sweatt's history and characteristics is a factor this Court can consider in determining whether a downward variance pursuant to 18 U.S.C. § 3553(a)(1) would be appropriate.

### Conclusion

All of the above-named factors may cumulatively present a ground for a downward sentencing variance pursuant to 18 U.S.C. § 3553(a)(1) (the history and characteristics of defendant); (a)(2)(B) (the need for the sentence imposed to afford adequate deterrence to criminal conduct); (a)(2)(C) (the need for the sentence imposed to protect the public from further crimes of the defendant); and (a)(3) (the kinds of sentences available).

In this case, the Guidelines recommend a sentence of 360 months. However, for the reasons set forth in this motion for downward variance, defendant respectfully requests the Court to consider sentencing him to a downward variance.

WHEREFORE, defendant prays that this Court impose a sentence that would be a downward sentencing variance from the advisory guideline imprisonment range.

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender
Northern District of Texas

*/s/ Erin Brennan*

Erin Brennan
Assistant Federal Public Defender
Missouri Bar No. 61185
819 Taylor Street, Room 9A10
U.S. Mail: P.O. Box 17743
Fort Worth, TX 76102
(817) 978-2753 telephone
(817) 978-2757 facsimile
erin_brennan@fd.org
Attorney for defendant

**CERTIFICATE OF SERVICE**

I, Erin Brennan, hereby certify that on August 11, 2016, I hand delivered the original of this motion for downward sentencing variance to the Honorable John H. McBryde and delivered a copy to the Assistant United States Attorney, Aisha Saleem, and United States Probation Officer, Staci Bradford.

*/s/ Erin Brennan*

Erin Brennan
Assistant Federal Public Defender

**CERTIFICATE OF CONFERENCE**

I, Erin Brennan, hereby certify that on August 10, 2016, I conferred with Aisha Saleem, Assistant United States Attorney, concerning her position on this motion for downward variance and she stated that the government was opposed.

*/s/ Erin Brennan*

Erin Brennan
Assistant Federal Public Defender

6